■ JACOB FRUMKIN, Appellant, v P&S CONSTRUCTION, N.Y., INC., et al., Respondents. [985 NYS2d 7]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered April 17, 2013, which granted defendants' motion to confirm an arbitration award and denied plaintiff's cross motion to vacate the award, unanimously affirmed, with costs. Appeal from underlying order, entered February 27, 2013, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff is correct that, because the construction project here involved the sale of units to many out-of-state persons, the use of a national brokerage firm to market the units and funding from a nationally chartered bank, the transaction at issue sufficiently "affected commerce" to bring it within the ambit of the Federal Arbitration Act (9 USC § 1 *et seq.; see Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471 [2006], *cert dismissed* 548 US 940 [2006]). Plaintiff waived his objections to arbitrability of certain counterclaims brought by defendants in the arbitration by failing to object to them, and instead actively arbitrating the counterclaims (*United Buying Serv. Intl. Corp. v United Buying Serv. of Northeastern N.Y.*, 38 AD2d 75, 79 [1st Dept 1971], *affd* 30 NY2d 822 [1972]).

Plaintiff's various claims that the arbitrators acted in "manifest disregard" or were "irrational" in resolving claims under the parties' agreements are without merit (*see Matter of ACN Digital Phone Serv., LLC v Universal Microelectronics Co., Ltd.*, 115 AD3d 602 [1st Dept 2014]). While the parties' operating agreement did make certain construction cost overruns the obligation of defendants, the panel could rationally find that the limitation on overruns was only with regard to the original scope of the work and not to additional work. Similarly, the arbitrators' direction that the award be a credit to defendant Persaud's capital account was merely a practical way to prevent plaintiff from imposing half of the award on the defendants. Finally, plaintiff, who repeatedly demanded his attorney's fees from the arbitrators, cannot complain that the award of fees to his opponents was outside their authority. Concur—Tom, J.P., Renwick, Richter, Feinman and Gische, JJ.